## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JASON H.,**

    **Plaintiff,**

  **v.**            **Civil Action 3:22-cv-234**
                  **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter, in which the parties consented to the jurisdiction of the Undersigned under General Order 22-04 (*see* Doc. 3), is before the Court on counsel for Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 22). The Motion is **GRANTED**. Plaintiff's counsel shall be awarded attorney's fees in the amount of $12,483.75. Because counsel previously received attorney's fees under the Equal Access to Justice Act ("EAJA"), any amount received under the EAJA shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Brown*, 886 F.2d 867 (6th Cir. 1989). Counsel's first Motion for Attorney Fees (Doc. 18) is **DENIED as moot**.

## I.  BACKGROUND

Plaintiff filed his Complaint on August 17, 2022, seeking judicial review from this Court of the Social Security Administration's ("SSA") denial of Social Security benefits. (Doc. 1). On January 12, 2023, on the parties' joint request, the Court remanded the matter for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 11). Following remand, the SSA notified Plaintiff's counsel that it was withholding $12,483.75, which is "25 percent of the past-due benefits for JASON A [H] and [his] family, in anticipation of direct payment of an authorized

attorney's fee." (Doc. 22-3 at 2). Counsel now moves for an award of attorney's fees in the amount of $12,483.75 under 42 U.S.C. § 406(b)(1). (Doc. 22-1 at 2). That motion is ripe for consideration. (*See* Doc. 20).

## II. DISCUSSION

In Supplemental Security Income ("SSI") or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). Importantly, such contingency fees (1) may not exceed 25 percent of the past-due benefits, which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 802 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for the court's review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* A twenty-five percent contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

On April 18, 2023, the Court awarded Plaintiff's counsel attorney's fees in the amount of $6,482.00 under the EAJA. (Doc. 17). Then, on August 19, 2025, the SSA withheld 25 percent of Plaintiff's past due benefits in the amount of $12,483.75 for use toward attorney's fees. (Doc.

22-3 at 2).  Now, counsel requests fees under 42 U.S.C. § 406(b)(1) and his contingency fee agreement with Plaintiff in the amount of $12,483.75.  (Docs. 22, 22-1 at 2, 22-2).  As support, he provided time sheets documenting the time spent on Plaintiff's case by both attorneys and paralegals (*see* Docs. 22-6, 22-7), as well as evidence pertaining to the standard hourly rate for work performed in the relevant market (*see* Doc. 22-4).

Counsel asserts Plaintiff has not received a Notice of Award detailing the past-due benefits to which he is entitled.  (Doc. 22-1 at 2).  But because the SSA has already calculated 25% of the benefits and notified counsel of the amount being withheld, this matter is not premature.  *See Coulter v. Colvin*, No. 1:13-cv-00011-LLK, 2014 WL 4851769, at *1 (W.D. Ky. Sept. 29, 2014) (noting the Commissioner opposed Plaintiff's counsel's § 406(b)(1) motion for attorney fees because Plaintiff had not received the Notice of Award, "which is necessary for calculating the statute's maximum fee award of 25 percent of past-due benefits.").  Nor does Defendant raise this objection.  (*See* Doc. 20).

Counsel states his firm totaled 34 hours of work on Plaintiff's case.  (Doc. 22-1 at 2 (citing Doc. 22-5)).  He claims attorneys worked on the case for 28.4 hours of this time (*Id.* (citing Doc. 22-6)), and that the remaining 5.6 hours comprised paralegal work.  (*Id.* (citing Doc. 22-7)).  He calculates that the $12,483.75 award is equivalent to a "hypothetical hourly rate" of $423.79 per hour for the 28.4 hours attorneys spent on Plaintiff's case.  (Doc. 22-1 at 2 (citing Docs. 22-5, 22-6, 22-7)).  To reach this number, counsel multiplied the 5.6 hours by an $80 per hour billing rate for paralegal work, subtracted that number ($448) from the $12,483.75 being withheld, and then divided the difference ($12,035.75) by the 28.4 hours of attorney work.  (Doc. 22-1 at 2).  Counsel bases his paralegal rate of $80 per hour upon "the hourly rate used in EAJA petitions" because that number has been found reasonable for such purposes in this district.  (*Id.* at 3); *Jearame B. v.*

*Comm'r of Soc. Sec.*, No. 1:21-cv-228, 2023 WL 1861429, at *2 (S.D. Ohio Feb. 9, 2023).

The $80 per hour rate for paralegal work has also been used in this district for calculating the hypothetical hourly rate of attorney work in § 406(b)(1) motions. *See, e.g.*, *Amanda Mary B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3337772, at *2–3 (S.D. Ohio July 9, 2024) (finding counsel's requested fee reasonable based on the hypothetical hourly rates of $80 per hour for paralegal work and $244.70 for attorney work), *report and recommendation adopted sub nom. Amanda B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1036, 2024 WL 3696373 (S.D. Ohio Aug. 7, 2024). As in *Amanda Mary B.*, Defendant does not object to counsel's calculation of the billing rate for paralegal work. *Id.* at *1; (Doc. 20). Accordingly, the Court finds the paralegal rate reasonable and will next assess the proposed $423.79 number for reasonableness.

Counsel also provides documentation demonstrating that the median non-contingent hourly rate for administrative law attorneys in Ohio in 2023 was $350, with a mean of $338. (Doc. 22-4 at 42). The Sixth Circuit has recognized that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. Counsel's hypothetical hourly rate of $423.79 is less than double the standard rate in the relevant market. Thus, "windfall can never occur" in the present circumstances. *Hayes*, 923 F.2d at 422.

Finally, counsel represents that, because he previously received attorney's fees under EAJA, any amount received will be returned to Plaintiff to prevent double recovery of fees. (Doc. 22-1 at 4). Defendant does not object to fees in this case. (Doc. 20 at 1). Nor does Defendant request a lower amount be awarded or argue that the amount requested is unreasonable. (*Id.*). Upon review of counsel's Motion, accompanying evidence, and relevant legal authority, the Court

finds that the amount requested is reasonable and does not result in windfall. Accordingly, the Court **GRANTS** counsel's Motion.

## III. CONCLUSION

For the foregoing reasons, counsel's motion (Doc. 22-1) is **GRANTED**, and Plaintiff's counsel is awarded a fee of $12,483.75. Because he previously received attorney's fees under the EAJA, counsel is **ORDERED** to reimburse to Plaintiff any amount received from these sources to prevent double recovery of fees. Counsel's first Motion for Attorney Fees (Doc. 18) is **DENIED as moot.**

IT IS SO ORDERED.

Date: October 14, 2025          /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE